**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-3357

_____

Roman Hemphill,                                    *
                                                   *
          Appellant,                               *
                                                   *
     v.                                            *
                                                   *
Paul K. Delo, Individually and                     *
in his Official Capacity as the                    *
Superintendent at Potosi                           *
Correctional Center,                               *
                                                   *
          Defendant,                               * Appeal from the United States
                                                   * District Court for the
Fred Johnson, Individually and in                  * Eastern District of Missouri
his Official Capacity as a                         *
Caseworker at PCC; Lonnie Salts,                   *      {UNPUBLISHED}
Individually and in his Official                   *
Capacity as a Corrections Officer                  *
at PCC; Ray Pogue, Individually                    *
and in his Official Capacity as a                  *
Function Unit Manager at FCC;                      *
Greg Wilson, Individually and in                   *
his Official Capacity as an                        *
Investigator at PCC,                               *
                                                   *
          Appellees.                               *

_____

Submitted:     August 3, 1996

     Filed:        September 22, 1997

_____

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Roman Hemphill, an inmate at the Potosi Correctional Center, appeals from the final judgment of the United States District Court[1] for the Eastern District of Missouri granting defendants summary judgment in this 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.

In an amended complaint, Hemphill alleged that he was denied due process in connection with a conduct violation he received on June 19, 1992, charging him with violating Rule #3--Dangerous Contraband--for being "involved in the introduction and distribution of drugs into Potosi Correctional Center." Hemphill alleged he was placed in disciplinary segregation--locked in his housing unit--prior to appearing before the adjustment board. At his disciplinary hearing, the adjustment board members informed him they had received information from a confidential informant, but they did not disclose the informant's name or information received. Without revealing the evidence used against him, the adjustment board found Hemphill guilty, sentenced him to thirty days in disciplinary segregation, referred him for criminal prosecution, and referred the matter to the administrative segregation committee. Hemphill was assigned to administrative segregation effective July 18, 1992, and was released to the general population on May 4, 1993. Hemphill claimed defendants conspired to deny him due process and equal protection in connection with the disciplinary action, and he sought damages.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Defendants moved for summary judgment, and submitted documentary evidence in support. Hemphill opposed the motion. On January 30, 1995, the district court granted defendants summary judgment on all claims, except the claim that there was insufficient evidence to support the disciplinary action. Defendants appealed, and we remanded the case for a ruling on qualified immunity. Hemphill v. Johnson, No. 95-1451 (8th Cir. Mar. 15, 1995) (judgment).

On remand, defendants filed a Notice of Supplemental Authority, noting that the Supreme Court had issued its decision in Sandin v. Conner, 515 U.S. 472 (1995) (Sandin), and arguing that Hemphill had not alleged a due process violation. On August 8, 1995, the district court concluded that Hemphill was not entitled to due process protection because the punishment that he received did not present the type of "atypical, significant deprivation" in which a state might conceivably create a liberty interest, see id. at 486, and that Hemphill's allegation of insufficient evidence no longer supported a cause of action in the wake of Sandin v. Conner. The district court thus vacated its January 30 order and granted defendants summary judgment on all claims.

The Court in Sandin recognized that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).

Here, Hemphill has not alleged more than that he spent four days locked in his

-3-

housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation.  We conclude that, without alleging more, this period of time in segregation does not constitute an "atypical and significant hardship" when compared to the burdens of ordinary prison life.  See Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-